

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2007

# Davis v. Bishop

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"Davis v. Bishop" (2007). *2007 Decisions.* Paper 914.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/914

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-253                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4593
_____

CHRISTOPHER JOSEPH DAVIS,

Appellant

v.

STEVON A. BISHOP, 98919;
DEWEY BEACH POLICE DEPARTMENT;
SAM MACKERT, Chief of Police;
TOWN OF DEWEY BEACH

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-cv-0583)
District Judge:  Honorable Joseph J. Farnan, Jr.

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 31, 2007

Before: BARRY, AMBRO and FISHER, Circuit Judges

(Filed: June 19, 2007 )
_____

OPINION
_____

PER CURIAM

Christopher Davis appeals an order entered by the United States District Court for

the District of Delaware dismissing his civil rights complaint with regard to some claims and granting summary judgment in favor of the defendants with regard to others. Because the appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.

In his civil rights action, Davis claims that Steven Bishop, a patrolman in the Dewey Beach Police Department, used excessive force while arresting him, in violation of the Fourth Amendment. Specifically, Davis alleges that Bishop flung Davis off the hood of Bishop's police car and forcibly cuffed and "manhandled" Davis while arresting him. He also asserts that Bishop did not allow him to use the bathroom and failed to properly search him and discover the lighter in his pants pocket, which later "became a cause of endangerment" to Davis. Davis alleges that the Dewey Beach Police Department, the Chief of Police, and the Town of Dewey Beach are responsible for "hiring and supporting" grossly incompetent and violent officers.

In response to the complaint, the defendants filed motions to dismiss.[1] Because the motions included matters outside of the pleadings, the District Court converted them into motions for summary judgment, and gave the parties the opportunity to respond.[2] The District Court found for the defendants on all claims; this timely appeal followed.

---

[1]Defendants Dewey Beach Police Department, the Chief of Police, and the Town of Dewey Beach filed one motion to dismiss, and defendant Bishop filed another.

[2]The District Court gave the parties thirty days in which to "present all material pertinent to a Rule 56 motion." All parties except Officer Bishop responded.

2

We have jurisdiction under 28 U.S.C. § 1291.

## II.

To determine whether a law enforcement officer's conduct violates the Fourth Amendment, a court must evaluate the reasonableness of the conduct in light of factors including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. See Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004). We also consider the duration of the officer's action, whether the action took place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the officer must contend at one time. See Couden v. Duffy, 446 F.3d 483, 496-97 (3d Cir. 2006). In conducting this determination, courts must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests" versus the countervailing government interests at stake. Graham v. Connor, 490 U.S. 386, 396 (1989).

We agree substantially with the District Court's analysis.[3] According to the

---

[3] Despite converting the defendants' motions to dismiss into motions for summary judgment, the District Court dismissed some claims – Davis's improper search claim, his claim concerning not being permitted to use the bathroom, and some of his claims against the Chief of Police – for failure to state a claim. Although the District Court should have analyzed defendants' motions pursuant to Federal Rule of Civil Procedure 56, we need not remand for such consideration. Davis had adequate opportunity to respond to the motions for summary judgment, but failed to establish a genuine issue of material fact with regard to any of the claims. Defendants were entitled to judgment as a matter of law on all claims.

parties, Davis was driving down the center of a two-lane road when he was stopped; he did not initially respond to the police car siren, and eventually backed into a private driveway. Davis smelled of alcohol and failed two field sobriety tests; instead of attempting to perform a third sobriety test, Davis sat on the hood of the police cruiser, and did not obey Bishop's instruction to get off the hood of the car. Although Davis was initially handcuffed, Bishop had removed the cuffs to allow Davis to perform the field sobriety tests. As the District Court pointed out, although Officer Bishop admitted to having "flung" Davis from the hood of the police car, a reasonable jury could conclude that the force used was reasonable given that Bishop was alone and was confronted with an "uncertain situation" with an individual who was uncooperative and appeared to be intoxicated.

Davis's conduct after he was removed from the hood of the car undermines his claims about being roughly handcuffed and arrested, and not being permitted to use the bathroom. After being removed from the hood of the police car, Davis clung to (in his words) or wrestled with Officer Bishop. Bishop required the assistance of two additional officers to handcuff Davis. When placed in the back seat of the police vehicle, Davis disobeyed instructions to stay where he was, removed his seatbelt two times, and eventually kicked out the rear window of the vehicle. While being transported into the hospital, Davis attempted to bite another officer. Under these circumstances, we agree with the District Court that Bishop's actions in connection with Davis's arrest do not

4

violate the Fourth Amendment.[4]

The District Court also rightly rejected Davis' novel theory that Bishop's "improper" search (during which the officer failed to confiscate a lighter that Davis possessed) violated Davis's rights by allowing Davis the opportunity to later set a fire in his holding cell. Davis's claims against the other defendants fail for the reasons articulated by the District Court.

Accordingly, we conclude that this appeal lacks merit, and we will dismiss it pursuant to 28 U.S.C.§ 1915(e)(2)(B).

---

[4]Although Davis alleged that he suffered nerve damage because he was handcuffed too tightly, he did not support this claim in his response to defendant's motions. However, even assuming Davis' allegation to be accurate, there is no indication that Davis complained, or that Officer Bishop ignored obvious signs of his discomfort. Nor did he show that the handcuffing resulted in damage that required medical attention. See Gilles v. Davis, 427 F.3d 197, 207-08 (3d Cir. 2005).